THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. RO-
BERTO DÁVILA ALONSO, Defendant and Appellant.

No. 17390.   Decided May 21, 1962.

*Celedonio Medin Lozada* for appellant.   *J. B. Fernández Ba-*
*dillo, Solicitor General,* and *Rodolfo Cruz Contreras, As-*
*sistant Solicitor General,* for The People.

Division composed of Mr. Acting Chief Justice Pérez Pimentel,
Mr. Justice Blanco Lugo, and Mr. Justice Dávila.

PER CURIAM.

This is a case of attempt of burglary in the first degree. In his brief appellant states that "the summary of the evidence which the trial judge made is a faithful and complete summary of the testimony of the witnesses." Upon summarizing the evidence the judge presiding at the hearing set forth that the first witness told them "that on the night of December 22, before dawn of December 23, 1960, she was at her home, that she was expecting her son who was out and had not yet arrived. That night her husband was not home, and around two o'clock in the morning, after having slept for a while, she was awakened by some revellers who passed by, and she kept looking out the window, which was ajar, to see whether her son had arrived with the group which had gone by. Her son did not arrive and she kept waiting for him when she saw that from a side street two young men were coming, who stopped—she says—on the corner in front of the door of the establishment of Domingo Avilés Ramos, the allegedly injured party in this case.

"She states that she kept watching these two individuals; that one of them, which she later identified as Ramón Cordero Vélez, began to force the padlock of that door while the other one stood in the corner watching both sides." The one who stood watching was appellant Roberto Dávila Alonso. A screwdriver, a padlock and a lock were presented as evidence. Four witnesses testified for the state. Defendants did not present testimony in their defense.

On appeal Dávila objects to the instructions to the jury. He alleges that the trial court erred in giving the following instruction:

"Once any act directed towards the execution of the crime has been initiated, the attempt is consummated. As soon as there was the intent, if any act directed towards putting into practice that contemplated intent is carried out, then the crime of attempt has already been consummated, even when for some reason defendant later desists from the purpose of committing

the crime. He may desist of his own free will from executing the act which he had contemplated, or because he has been caught."

If we consider the previous instruction in the light of the evidence established, we shall find that the same conforms to law. Appellant alleges that it is erroneous "since in cases of attempt it is required, besides the intention, that an overt act directed towards the consummation of the crime be carried out." The evidence in the case at bar, supposing that appellant's contention is correct, proved the existence of that act. Appellant's companion while appellant himself was watching, was forcing with a screwdriver the padlock of the door of the establishment where they intended to commit burglary.

Another one of the instructions to which appellant objects reads:

"In a case where conspiracy is alleged the conspiracy must be proven by circumstantial evidence that several individuals are trying to commit a crime."

Appellant does not object to the instruction itself. What he contends is that the trial judge committed error in stating that the conspiracy must be proven with circumstantial evidence, when what he should have expressed is that the conspiracy may be proven with circumstantial evidence. And he further contends that "the error is still more serious because the trial court did not explain to the jury what is circumstantial evidence, and in failing to instruct that the circumstantial evidence should not only be consistent with the hypothesis of guilt but also that it should exclude any other reasonable hypothesis besides that of defendant's guilt."

What the trial judge obviously had in mind was that in the majority of the cases the conspiracy is proved with circumstantial evidence because it is difficult to obtain direct evidence to that effect. In no way is defendant prejudiced by the statement that it must be proved with circumstantial

evidence. And the second part of appellant's contention ignores our decision in *People* v. *Bonilla,* 78 P.R.R. 144, 153 (1955), where we stated "hereafter in weighing the evidence in a criminal case—and in instructing the jury on the question—trial judges are not to use the test that in order to justify conviction circumstantial evidence must be inconsistent with any other reasonable hypothesis of innocence."

He also objects to the following instruction:

"Reasonable doubt exists when after a careful examination, analysis, or verification of all the evidence, your spirit is left in such a state *that you can not decide whether you have a firm conviction or moral certainty respecting the truth of the facts involved in the accusation.*" (Italics ours.)

He maintains that it is erroneous "because what the jury has to decide, aside from reasonable doubt, is not the truth of the facts involved in the accusation but the guilt or innocence of the defendant and whether or not the evidence is sufficient to support, beyond reasonable doubt, a verdict of guilty."

Appellant is wrong. The statement of the judge to the effect that reasonable doubt exists if "you can not decide whether you have a conviction or moral certainty respecting the truth of the facts" is the same as saying that if they have reasonable doubt as to defendant's guilt they should acquit him since the truth of the facts equals defendant's guilt; then if they are not true, or if there is doubt as to their truthfulness, he should be acquitted.

He also objects to this other instruction:

"If the members of the jury believe from the result of the evidence that on the date and place to which the accusation refers, these defendants tried to enter during the nighttime . . . in the establishment or store of the injured party in the case at bar . . . then both defendants would be guilty of the crime of burglary in the first degree, in the degree of attempt. If the members of the jury believe that in spite of the fact that they understand that the door of this establishment had

been tampered with and penetration of same was attempted, it was not with the intention of committing theft or pilferage, or any serious crime, then any other crime would have been committed, but not the crime of burglary in the first degree, in the degree of an attempt."

Appellant affirms that the judge "should have instructed them that if they decided that the defendant Ramón Cordero Vélez tried to enter said establishment *and if they also decided* that appellant at that instant was acting jointly and in agreement with the aforesaid Ramón Cordero Vélez, then both defendants would be guilty."

Appellant again picks out a part of the instructions. The judge also told the jury:

"In the cases of codefendants who are coauthors it is not necessary to show that the defendants have executed the same act which might constitute the crime. That is, if a defendant, with the intention of committing a specific crime in any way conspires or agrees in some way with another to execute a plan, they would be guilty if both go to the place to commit a specific deed, and one does not commit that deed but executes the act, then he would be guilty.

"In the cases, for example, of burglary in which a codefendant does not participate by directly stealing or entering, but participates in some way by watching, he could be guilty of the same, even when penetration of the place has been intended and was not realized. Therefore, you have to determine the innocence or guilt of the defendants individually in this case, and you will determine the guilt, for example, or innocence of Ramón Cordero Vélez by weighing all the evidence as a whole, and likewise of Roberto Dávila Alonso, and when given the opportunity, render a separate verdict in favor or against, as the case may be."

These instructions considered jointly with those to which defendant objects are correct. The jury is clearly informed that they should consider the case of each defendant separately. That if they understood that Dávila, appellant herein, was not acting jointly with the other defendant, he was to be acquitted.

■ The fifth error ["failing to instruct the jury that if they did not decide that defendants acted jointly and in common agreement following a plan conceived by themselves, they should acquit defendant Roberto Dávila Alonso,"] is settled with what has been already set forth. The same thing occurs with the sixth. ["Failing to instruct the jury that in order to justify a conviction based on circumstantial evidence, the evidence must not only be consistent with the hypothesis of guilt, but it must exclude any other reasonable hypothesis than that of defendant's guilt."] *People* v. *Bonilla, supra.*

■ Appellant concludes by maintaining that "the verdict of guilty against appellant is not sustained by the evidence." The evidence for the prosecution, the only one introduced before the jury, clearly establishes the commission of the crime charged.

The errors assigned were not committed.

The judgment appealed from rendered by the Superior Court, Mayagüez Part, on April 24, 1961 will be affirmed.